Michael R. Griffinger
Caroline E. Oks
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102
Telephone No.: (973) 596-4500
Facsimile No.:  (973) 596-0545
mgriffinger@gibbonslaw.com
coks@gibbonslaw.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BERSHAD, | Civil Action No. 18-CV-15624 |
| Plaintiff, | ***Document Electronically Filed.*** |
| v. | |
| NEWS COMMUNICATIONS, INC., CHM HOLDINGS, LLC and JAMES FINKLESTEIN, | <u>**COMPLAINT AND JURY DEMAND**</u> |
| Defendants. | |

Plaintiff David Bershad (hereinafter "Bershad" or "Plaintiff"), as and for his Complaint against the above-listed Defendants (collectively "Defendants"), herein alleges as follows:

### <u>THE PARTIES</u>

1.      Plaintiff David Bershad is a citizen of New Jersey, residing in West Orange, New Jersey.

2.      Defendant News Communications, Inc. ("NCI") is a Nevada company with its principal place of business at 501 Madison Ave, New York, New York.

3.      Defendant CHM Holdings, LLC ("CHM") is a Limited Liability Corporation registered in Delaware and New York with its principal place of business at 501 Madison Ave, New York, New York.

4.      Defendant James Finklestein ("Finklestein") is the Chairman, Chief Executive Officer and President of NCI.  Upon information and belief, Finklestein resides in New York.

## NATURE OF ACTION

5.      This is an action brought by Plaintiff, a former owner of common shares of NCI.

6.      Despite promising shareholders that they would receive the "fair value" of their shares—equal to $148.20 per share—upon the merger of NCI and CHM, Defendants have failed to remit payment of same.

7.      This action seeks damages, costs, attorneys' fees, and other relief as a result of Defendants' conduct in failing to compensate Plaintiff upon the merger of NCI and CHM.  Such failure to compensate has been willful, deliberate, purposeful and intentional.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2)(A) because Plaintiffs and Defendant are of diverse citizenship and the matter in controversy exceeds seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

9.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District, in that Defendants purposefully availed themselves of this District by actively soliciting Plaintiff in New Jersey.

## FACTS AS TO ALL COUNTS

10.       Prior to 2015, Plaintiff purchased 600 common shares of NCI stock and remained an owner until the stock was cancelled as set forth below.

11.      On December 4, 2015, NCI entered into an Agreement and Plan of Merger with CHM (the Merger").

A.      **The December 10, 2015 Notice of Action**

12.      On December 10, 2015, NCI issued a Notice of Action by Written Consent (the "Notice of Action").  The Notice of Action was authored by NCI Secretary, Viktoria Plyam.  The Notice of Action was sent to Plaintiff in New Jersey.

13.      In the Notice of Action, NCI advised stockholders of a reorganization transaction in which NCI became a subsidiary of CHM.  According to the Notice of Action, the reorganization was effected through the merger of NCI Merger Sub, Inc., a newly formed Nevada corporation and wholly-owned subsidiary of CHM, with and into NCI.  Further, upon consummation of the merger, NCI Merger Sub, Inc. ceased to exist and NCI became a subsidiary of CHM.

14.      The Notice of Action advised that, at the effective time of the Merger, each share of NCI Common Stock was converted into the right to receive one Class A Unit of CHM Holdings, LLC or $148.20 in cash.

15.      In addition, the Information Statement/Description of the Reorganization included with the Notice of Action states that holders of NCI Common Stock who do not exercise their dissenters' rights were entitled to receive $148.20 per share for each share of NCI Common Stock owned by them.  Plaintiff did not exercise his dissenters' rights.

16.      In reliance on the above statements, Plaintiff took no action in order to retain his shares of NCI Common Stock, which shares were thereby converted into cash in the amount of $148.20 per share.  However, Plaintiff did not receive this cash consideration.

B.      **The December 10, 2015 Letter of Transmittal**

17.   On December 10, 2015, NCI provided a Letter of Transmittal to Plaintiff in New Jersey as a holder of Common Stock in NCI.  The Letter of Transmittal advised stockholders of the NCI/CHM Merger and of several courses of action that stockholders could take.

18.   The Letter of Transmittal stated, in part, that each share of NCI Common Stock was cancelled and stockholders would receive either Class A Units of CHM or $148.20 per share in cash depending upon whether or not they completed and signed the Letter of Transmittal.  It read:

> Pursuant to the Merger Agreement, Merger Sub was merged with and into NCI with NCI surviving the merger as a subsidiary of Parent (the "Merger"). Pursuant to the Merger, each outstanding share of NCI Common Stock that is held by an "accredited investor" within the meaning of Regulation D promulgated under the Securities Act of 1933 (an "Accredited Investor") was cancelled and converted into the right to receive one Class A Unit in Parent ("Parent Units"), and each share of NCI Common Stock that is not held by an Accredited Investor was cancelled and converted into the right to receive $148.20 per share in cash (collectively, the "Merger Consideration"). Notwithstanding the foregoing, **any holder of NCI Common Stock that does not provide a properly completed Letter of Transmittal** together with all other required documentation on or prior to December 1, 2016 will not have the right to receive Parent Units and **will instead be entitled only to receive $148.20 in cash per share of NCI Common Stock held by such holder**. (emphasis added).

19.   Thus, former holders of NCI Common Stock were given one option of receiving Parent Units of CHM if they signed the Letter of Transmittal.

20.   However, the Letter of Transmittal also provided another option.  Any holder of NCI Common Stock that did <u>not</u> provide a properly completed Letter of Transmittal on or prior to December 1, 2016 will be "entitled only to receive $148.20 in cash per share of NCI Common Stock held by such holder."

21.     Plaintiff did not submit a completed Letter of Transmittal or any other documentation in connection with the transaction, nor did he exercise his dissenters' rights.

**C.     Plaintiff is Entitled to the Fair Market Value of His Shares**

22.     According to the Letter of Transmittal, Plaintiff's 600 shares of NCI Common Stock were cancelled and Plaintiff thereby became entitled to receive $148.20 per common share of NCI Common Stock by not executing the Letter of Transmittal.

23.     The deadline for opting to complete a Letter of Transmittal was December 1, 2016.  Any holder of Common Stock who did not do so was therefore immediately entitled to $148.20 per share.

24.     Plaintiff is entitled to a payment of $88,920 together with interest.  Plaintiff has not received payment

25.     Plaintiff, directly and through counsel, contacted Defendants on several occasions to demand payment.  Defendants failed to respond to Plaintiff's requests.

    (a)     Plaintiff contacted Finklestein and asked why he had not received payment for his shares.  Finklestein offered no explanation other than that payment was "coming later."

    (b)     On March 27, 2018 and April 26, 2018, letters were sent to counsel for Defendants requesting payment, but counsel for Defendants did not reply.

    (c)     On October 5, 2018, a further demand was sent to Defendants and their counsel, but Defendants have failed to respond.

26.     On information and belief, other Common Stockholders similarly situated to Plaintiff have been paid for their shares of NCI Common Stock.

## COUNT I
## BREACH OF CONTRACT

27.     The allegations set forth in paragraphs 1 through 26 above are hereby repeated and realleged as though set forth fully herein.

28.     Defendants' communications in the Notice of Action, Letter of Transmittal, and Information Statement/Description of the Reorganization created a unilateral contract by which Plaintiff would receive $148.20 per share of NCI Common Stock if he took no action when his shares were cancelled as a result of the Merger.

29.     Plaintiff took no action in response to Defendants' communications.

30.     By taking no action, Plaintiff became entitled to receive $148.20 per share of NCI Common Stock.

31.     Defendants have breached the agreement by failing to compensate Plaintiff following the Merger.

32.     Plaintiff has been damaged by Defendants' breach.

## COUNT II
## BREACH OF IMPLIED COVENANT OF
## GOOD FAITH AND FAIR DEALING

33.     The allegations set forth in paragraphs 1 through 32 above are hereby repeated and realleged as though set forth fully herein.

34.     The Notice of Action, Letter of Transmittal and Information Statement/Description of the Reorganization contain an implied covenant of good faith and fair dealing.

-6-

35.     As a result of this implied covenant, each of the Defendants owed Plaintiff a duty to proceed in good faith and attempt to comply with their obligations under the Notice of Action, Letter of Transmittal and Information Statement/Description of the Reorganization.

36.     Defendants violated their duty of good faith and fair dealing by failing to remit payment in the amount of $148.20 per share of NCI Common Stock to Plaintiff after the Merger.

37.     Defendants violated their duty of good faith and fair dealing by ignoring Plaintiff's requests for payment.

38.     Plaintiff has been and continues to be damaged by Defendants' breach of the implied covenant of good faith and fair dealing.

## COUNT III
## UNJUST ENRICHMENT

39.     The allegations set forth in paragraphs 1 through 38 above are hereby repeated and realleged as though set forth fully herein.

40.     Defendants' actions have resulted in an economic benefit being conferred upon Defendants to which they are not entitled.  Defendants have appropriated to themselves the value of Plaintiff's entitlement to compensation for his shares.  Such appropriation was intentional, willful and deliberate, and continues to this day.

41.     To permit Defendants to retain that economic benefit would result in an unjust enrichment at Plaintiff's expense and detriment.

42.     As a direct and proximate result of Defendants' conduct, they have been unjustly enriched and Plaintiff has suffered damages, including but not limited to the use of funds rightfully belonging to him which could have otherwise been gainfully employed.

## COUNT III
## PROMISSORY ESTOPPEL

43.     The allegations set forth in paragraphs 1 through 42 above are hereby repeated and realleged as though set forth fully herein.

44.     The Notice of Action contained a clear and definite promise that NCI stockholders did not need to take any action in order to retain their shares of NCI Common Stock.

45.     The Letter of Transmittal contained a clear and definite promise that NCI Common Stock holders would be entitled to receive $148.20 in cash per share of NCI Common Stock if the stock holder did not provide a completed Letter of Transmittal.

46.     In addition, the Information Statement/Description of the Reorganization included with the Notice of Action states that holders of NCI Common Stock who did not exercise their dissenters' rights were entitled to receive $148.20 per share of NCI Common Stock.

47.     The above promises were made with the expectation that the Plaintiff would rely on them.

48.     Plaintiff reasonably relied on the promises contained in the Notice of Action, Letter of Transmittal and Information Statement/Description of the Reorganization.

49.      Plaintiff relied on the promises contained in the Notice of Action, Letter of Transmittal and Information Statement/Description of the Reorganization to his detriment, and was damaged in the amount of the value of his shares as stated in those documents, as well as other damages.

## COUNT IV
## INTENTIONAL MISREPRESENTATION

50.     The allegations set forth in paragraphs 1 through 49 above are hereby repeated and realleged as though set forth fully herein.

51.     The Notice of Action, Letter of Transmittal and Information Statement/Description of the Reorganization represented that holders of NCI Common Stock who took no action in response to Defendants' statements were promptly entitled to receive $148.20 per share of NCI Common Stock.  The final date for action by a holder of Common Stock was December 1, 2016, after which, at the latest, Plaintiff was entitled to payment.

52.     The representation that holders would be paid was false, at least as to Plaintiff, and continue to be proven to be false.

53.     Defendants knew, and know, these statements to be false.

54.     The statements were made with the expectation that the Plaintiff would rely on them.

55.     Plaintiff relied on the promises as to payment contained in the Notice of Action, Letter of Transmittal and Information Statement/Description of the Reorganization to his detriment, and was damaged thereby.

56.     Defendants willfully, intentionally and deliberately failed to make good on their representations and, although that failure has been called to their attention, continue to willfully disregard their obligations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff David Bershad prays for judgment to be entered against Defendants as follows:

1.     For economic and compensatory damages in the amount of $148.20 per cancelled share, and such other damages that may be determined;

2.     For interest from and after December 10, 2015;

3.     For punitive damages, as otherwise applicable;

4.      For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action; and

5.      For such other and further relief as this Court deems just and appropriate.

### JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated:  November 2, 2018
        Newark, New Jersey

By: s/   Michael R. Griffinger
Michael R. Griffinger, Esq.
Caroline E. Oks, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
Tel:  (973) 596-4500
mgriffinger@gibbonslaw.com
coks@gibbonslaw.com

*Attorneys for Plaintiff*
*David Bershad*